IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MGM ELITE TRUCKING LLC, a Florida company, DSM LEGACY LLC, a New Hampshire Company, MO7 Holdings LLC, a Florida company, and PLANT GREAT SEEDS LLC, a Forida company,<br><br>    Plaintiffs,<br><br>v.<br><br>AKL TRANSPORT, LLC, a Georgia company, SOUTHERN TRUCK LEASING, LLC, a Georgia company, and KRISTOPHER A. LUNSFORD<br><br>    Defendants. | Case No.  8:25-cv-01507-TPB-NHA |

**DEFENDANTS' OPPOSITION TO PLAINTIFF,[sic] MGM ELITE TRUCKING LLC'S VERIFIED MOTION TO REOPEN THIS ACTION**

If a case has been voluntarily dismissed without prejudice, it can be refiled. Here, Plaintiff MGM Elite Trucking LLC ("MGM"), DSM Legacy LLC, MO7 Holdings LLC, and Plant Great Seeds LLC dismissed this case without prejudice. Now, without joining its co-Plaintiffs, Plaintiff MGM unilaterally seeks to "reopen" the case pursuant to Federal Rule of Civil Procedure 60(b). Because Plaintiff can freely refile if so inclined, Plaintiff cannot satisfy Rule 60(b) and its Motion is due to be denied.

## RELEVANT BACKGROUND

Plaintiff MGM filed this action on June 17, 2025. (*See* ECF 1.) On September 4, 2025, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). (*See* ECF 11.) Rather than opposing the motion, Plaintiff MGM joined DSM Legacy LLC, MO7 Holdings LLC, and Plant Great Seeds LLC as co-Plaintiffs and, together, they filed an amended complaint. (*See* ECF 12.) On October 17, 2025, all four co-Plaintiffs filed a voluntary motion to dismiss. (*See* ECF 15.) The case was closed.

Two and a half months following the dismissal by all Plaintiffs,[1] Plaintiff MGM filed the present Motion to Reopen this Action. (*See* ECF 18.) As putative support, Plaintiff MGM claims that it did not desire to terminate its claims and that it was under the mistaken belief that the case would be reopened automatically if MGM retained new counsel. (*See id*. at 2, 3.[2]) Plaintiff MGM casually promises this Court, without any evidence or authority, that the claims in the Amended Complaint—which are asserted on behalf of MGM and its co-Plaintiffs—"properly state causes of action and are supported by evidence." (*See id*. at 4.) The only proffered basis MGM puts forward to justify reopening this case rather than refiling a case anew is supposed prejudice "in the form of having to restart its entire action

---

[1] Plaintiff MGM erroneously represents that the dismissal filed by all Plaintiffs was filed fewer than two months prior to the present Motion. (*See id*. at 3.)

[2] MGM suggests that Mr. John Thornton, who has not withdrawn from his representation of MGM in this matter, provided erroneous advice. (*See* ECF 18 at 3.)

against the Defendants and to reserve them." (*See id.* at 4.) Because this is not a ground countenanced by Federal Rule of Civil Procedure 60(b), Plaintiff MGM's Motion is due to be denied.

I.     **ARGUMENT**

Federal Rule of Civil Procedure 60(b) allows a plaintiff to obtain relief from a "final judgment, order, or proceeding" under certain enumerated circumstances. *See* Fed. R. Civ. P. 60(b). Nonetheless, "the 'standard for granting a [Rule 60(b)] motion . . . is strict.'" *See Reeves, v. New York City Housing Authority*, No. 23-CV-3646 (NRM) (MMH), 2026 WL 73946, at *3 (E.D.N.Y. Jan. 9, 2026) (internal citation omitted). And "[r]elief under 60(b)(6) 'is intended "only for extraordinary circumstances."'" *See Smith v. Zanders*, No. 5:16-CV-80-MTT-MSH, 2017 WL 1383467, at *2 (M.D. Ga. Mar. 7, 2017), *report and recommendation adopted*, No. 5:16-CV-80 (MTT), 2017 WL 1377702 (M.D. Ga. Apr. 13, 2017) (citing *Olmstead v. Humana, Inc.*, 154 Fed. App'x 800, 805 (11th Cir. 2005) (per curiam) & *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)).[3] "Accordingly,

---

[3] In Plaintiff's putative authority, *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 700 (2025), the Court did no more than to confirm that a Rule 41(a) voluntary dismissal counts as a "final proceeding" within the meaning of Rule 60(b). The case did not alter the governing standard for granting extraordinary relief under that Rule. *See, e.g.*, *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) ("Relief under Rule 60(b)(6) requires extraordinary circumstances."); *Doe v. Augusta Univ.*, No. 8:23-CV-6873-RMG, 2025 WL 2778474, at *1 (D.S.C. Sept. 30, 2025) ("[T]o qualify for relief under Rule 60 from a final judgment, a party must

Plaintiff is *required* to 'demonstrate a justification for relief so compelling that the district court was required to grant [the] motion.'" *See Zanders*, 2017 WL 1383467, at *2 (internal quotation marks omitted) (emphasis and alteration in original). Here, "Plaintiff has failed to offer a compelling reason for the Court to grant the relief [it] seeks." *See id*. "Plaintiff's claims were dismissed without prejudice, and [it] therefore has the opportunity to re-file them." *See id*.

      To be sure, "[i]n order to re-open a case that has been voluntarily dismissed without prejudice, the proper course of action is to file a new complaint, not move to re-open." *See Eggleston v. Daniels*, No. 15-11893, 2017 WL 3977799, at *2 (E.D. Mich. Sept. 11, 2017); *see also Cline v. HSBC Bank USA, NA*, No. 2:11-CV-00233, 2012 WL 6214307 at *2 (S.D. Ohio Dec. 13, 2012) (denying plaintiff's motion to re-open a case she previously dismissed under Rule 41(a) and noting that because it was dismissed without prejudice she was "free to re-file" her action). Tellingly, Plaintiff does not identify a single authority that supports granting the relief it seeks. Because Plaintiff MGM and its co-Plaintiffs dismissed this action without prejudice, they are free to refile. As there are no grounds—much less compelling grounds—on which to "reopen" this terminated case, Plaintiff MGM's Motion must therefore be denied.

---

demonstrate (1) timeliness, (2) a meritorious claim or defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances.").

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion is due to be denied. A contrary result would create an untenable situation whereby MGM, acting alone, would resurrect a lawsuit that its co-Plaintiffs voluntarily dismissed.[4] MGM's remedy is to file anew instead.

Respectfully submitted on January 22, 2026,

/s/ *Courtney M. King.*
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
RACHEL M. KARDEN ESQ.
Florida Bar No. 1044193
**MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
MGMvAKL@mtrclegal.com
cking@mtrclegal.com
*Attorneys for AKL TRANSPORT LLC, SOUTHERN TRUCK LEASING LLC and KRISTOPHER A. LUNSFORD*

and

SAMANTHA MANDELL, ESQ.
*Admitted pro hac vice*
LUKE ANDREWS, ESQ.
*Admitted pro hac vice*
**STATON LAW, LLC**
410 Plasters Avenue NE, Suite 200
Atlanta, GA 30324

---

[4] Tellingly, Plaintiff MGM nowhere addresses how to resolve this circumstance.

Samantha.Mandell@stantonlawllc.com
luke.andrews@stantonlawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Defendants' Brief in Opposition to Plaintiff,[sic] MGM Elite Trucking LLC's Verified Motion To Reopen This Action** in this matter by electronically filing the same with the Court via the CM/ECF system, to the following counsel of record:

Don R Cahall Esq., Kristina Roberts, THE CAHALL LAW FIRM, PLLC
1909 Manatee Avenue East; don@cahalllawfirm.com
kristina@cahalllawfirm.com.  *Attorneys for the Plaintiff MGM.*

John Thornton, Esq., Orlando do Campo, Esq., do Campo & Thornton, P.A., 150 S. E. 2nd Avenue, Suite 602, Miami, FL 33131; jt@dandtlaw.com
*Attorneys for Plaintiffs*

This 22nd day of January, 2026.

                                         */s/ Courtney M. King*
                                         COURTNEY M. KING, ESQ.
                                         Florida Bar No. 0069389